(No. 78-CV-0616—)

*In re* APPLICATION OF BERTHA BRANYON.

*Order filed June 19, 1981.*

RICHARDSON & JIANAKOPLOS (SCOTT RICHARDSON, of counsel), for Claimant.

WILLIAM J. SCOTT, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on September 27, 1975. Claimant, Bertha Branyon, seeks compensation under the provisions of the Crime Victims Compensation Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

The Court entered an Order on February 21, 1980, dismissing the claim in that the victim and assailant were related and sharing the same household. Pursuant to section 9 of the Act, the Claimant moved for a hearing and the request was granted.

The hearing was conducted by Commissioner Robert H. Rath on July 25, 1980, at Belleville, Illinois.

Based upon the testimony and documents received in evidence, the Court finds:

1. The woman who killed the victim, Elwestley Branyon, was known as Ethel Branyon at the time of the victim's death.

2. A purported marriage ceremony had taken place on April 11, 1975, between Elwestley Branyon and Ethel C. Ware in Cook County, Illinois, which marriage was void due to the previous marriage of Elwestley Branyon and Bertha Lee McGee, which was solemnized on the 23rd day of October, 1970.

3. That Bertha Branyon was not aware of the fact that the victim Elwestley Branyon was living with his "new wife" and believed that he was living with his sister in Chicago.

4. That the minor children of Ethel Branyon believed that Elwestley Branyon was their stepfather.

5. That the deceased victim, Elwestley Branyon, and his assailant, Ethel C. Ware, were residing together at the time of the victim's death.

The Crime Victims Compensation Act provides in pertinent part as follows:

"If the victim is deceased and the victim and assailant were sharing the same household at the time the crime occurred, no award shall be made."

Bertha Branyon, Claimant in this case, is entirely innocent of wrongdoing and innocent of the "family squabble" which resulted in the victim's death, yet it is clear that the victim and his assailant were sharing the same household at the time the crime occurred. We do not believe that the legislature envisioned the present situation as being one in which benefits should be denied to the innocent Claimant; however, we cannot ignore the language of the statute which prohibits an award in this case. . . .

The Court, therefore, finds no grounds for reconsidering its Order of February 21, 1980, denying the claim for compensation herein.